UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES M. STERBINSKY,  :  | |
|     Petitioner,  : | |
| : | PRISONER |
| v.  : | Case No. 3:03 CV 574 (CFD) |
| : | |
| JOHN ARMSTRONG,  : | |
|     Respondent.  : | |

### RULING AND ORDER TO SHOW CAUSE

The petitioner, James M. Sterbinsky, is currently confined at the State of Connecticut Enfield Correctional Institution. He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1996 revocation of probation.

**I.    Procedural Background**

On March 15, 1991, in the Superior Court for the Judicial District of Ansonia-Milford, Sterbinsky pleaded nolo contendere to one count of risk of injury to a minor in violation of Conn. Gen. Stat. § 53-21. Sterbinsky was sentenced to a term of imprisonment of ten years, suspended after seven and one-half years, followed by five years of probation with conditions. On the same day, he pleaded guilty to one count of larceny in the first degree in violation of Conn. Gen. Stat. § 53a-122(a)(3) and one count of burglary in the third degree in violation of Conn. Gen. Stat. § 53a-103(a). For the larceny conviction, Sterbinsky was sentenced to a term of imprisonment of twenty years suspended after seven and one-half years, followed by five years probation with conditions. For the burglary conviction, he was sentenced to a term of imprisonment of five years. The three sentences were to be served concurrently.

On August 18, 1995, Sterbinsky was discharged from the custody of the Department of Correction to begin his probationary period on the risk of injury and larceny convictions. On February 6, 1996, he was found in violation of his probation and sentenced to serve the remainder of the previously imposed sentences for the risk of injury to a minor and larceny convictions - a total of twelve and one-half years.

Sterbinsky appealed the revocation of probation. On December 2, 1997, the Connecticut Appellate Court affirmed the judgment of conviction in a per curiam opinion. On February 3, 1998, the Connecticut Supreme Court denied his request for certification to appeal the decision of the Connecticut Appellate Court.

On March 13, 1998, Sterbinsky commenced a federal habeas petition in this Court on the ground that the Department of Correction had calculated his total effective sentence incorrectly. See Sterbinsky v. Wezner, case no. 3:98cv475 (WWE). On October 19, 1998, the District Court dismissed the petition for failure to exhaust state court remedies. Sterbinsky then appealed to the United States Court of Appeals for the Second Circuit. On November 17, 1999, the Second Circuit denied his motion for certificate of appealability and dismissed the appeal.

In April 2000, Sterbinsky commenced a state habeas petition in the Superior Court for the Judicial District of Ansonia-Milford claiming that the sentence imposed on the violation of probation charge was illegal or excessive. On May 9, 2000, his petition was denied on the ground that the claim should have been raised in a sentence review proceeding. In June 2000, Sterbinsky commenced a second state habeas petition in the Superior Court for the Judicial District of Danbury. He again claimed that the sentence imposed on the violation of probation charge was excessive and that the judge and the prosecutor committed misconduct in the

revocation proceedings. In August 2000, the Superior Court denied the petition. Sterbinsky appealed that decision to the Connecticut Appellate Court. On November 19, 2002, the Appellate Court dismissed the appeal in a per curiam opinion. See Sterbinsky v. Commissioner of Correction, 73 Conn. App. 590, 808 A.2d 1162 (2002). Sterbinsky did not file a petition for certification to appeal the decision to the Connecticut Supreme Court.

Sterbinsky filed the present petition on March 31, 2003. He raises two grounds for relief: (1) the sentence imposed on the violation of probation charge was excessive and (2) the trial judge and prosecutor committed misconduct during the probation revocation proceedings. The respondent has moved to dismiss the petition on the ground that both claims are unexhausted. A review of the petition, however, reveals that it may also be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

**II.    Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), significantly amended 28 U.S.C. §§ 2244, 2253, 2254, and 2255. Specifically, the AEDPA amended § 2244(d)(1) to now impose a one-year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

3

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Second Circuit has held that the limitations period does not begin until the completion of direct appellate review in the state courts and either the denial of a petition for certiorari by the United States Supreme Court or the expiration of the time within which to file a petition for a writ of certiorari. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). The limitations period is tolled by the filing of a state habeas petition, but not by the filing of a federal habeas petition. See 28 U.S.C. § 2244(d)(2) (statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"); Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (pending federal habeas petition does not toll statute of limitations under 28 U.S. § 2244(d)(2)).

The Second Circuit has held that the limitations period set forth in 28 U.S.C. § 2244(d) and the one-year grace period may be equitably tolled. See Rodriguez v. Bennett, 303 F.3d 435,

438 (2d Cir. 2002) ("the fact that § 2244(d)(2) does not cause exclusion of the federal petition's time of pendency does not necessarily exclude the possibility of discretionary tolling on equitable grounds."); Smith v. McGinnis, 208 F.3d 13, 15-17 (2d Cir.) (adopting the position that "the one-year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period"), cert. denied, 531 U.S. 840 (2000).  Equitable tolling, however, is available only in the "'rare and exceptional circumstance[].'" Id. at 17 (quoting Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir.), cert. denied, 528 U.S. 1007 (1999)).  It requires the petitioner to "demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing [of his petition] during that time." Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (quoting Smith, 208 F.3d at 17; Sandvick v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  The burden is on the petitioner to demonstrate that "extraordinary circumstances prevented him from filing his [habeas] petition" within the limitations period.  Smith, 208 F.3d at 17 (citing Johnson v. Nyack Hospital, 86 F.3d 8, 12 (2d Cir. 1996)).

**III.   Discussion**

In this case, on February 3, 1998, the Connecticut Supreme Court denied Sterbinsky's request to appeal the decision of the Appellate Court affirming his conviction.  Sterbinsky then had ninety days to file a petition for review to the United States Supreme Court.  Thus, his direct appeal became final on May 4, 1998.  Sterbinsky then had one year from the conclusion of his direct appeal, or until May 4, 1999, to file a petition for a writ of habeas corpus in federal court.  Although Sterbinsky filed a federal petition in the District Court on March 13, 1998, the filing of that petition does not toll the running of the one-year limitations period with respect to the current federal petition.  See Duncan, 533 U.S. at 181-82.  In addition, although Sterbinsky

commenced state habeas petitions in April and June 2000, those petitions do not toll the limitations period because they were filed after the one-year period expired. Thus, it appears that the present petition may be untimely.

## IV. Conclusion

Accordingly, the parties are directed to show cause why the present petition should not be dismissed as barred by the one-year statute of limitations as set forth in 28 U.S.C. § 2244(d). The responses shall be filed within **thirty days** of the date of this order.

In light of this order, the respondent's Motion to Dismiss [**Doc. # 10**] on the ground that the petitioner has not exhausted his state court remedies is **DENIED** without prejudice to renewal after the Court determines whether the petition is barred by the one-year statute of limitations.

SO ORDERED this 30th day of March 2004, at Hartford, Connecticut.

/s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**