UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


JAMES STERBINSKY

                                        PRISONER
        v.                      Case No. 3:03CV574(CFD)

JOHN ARMSTRONG


RULING AND ORDER

The petitioner, James M. Sterbinsky, brings this action pro
se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,
challenging his 1996 conviction on violation of probation
charges.  For the reasons set forth below, the petition is
dismissed.

On March 15, 1991, in the Superior Court for the Judicial
District of Ansonia-Milford, the petitioner pleaded nolo
contendere to one count of risk of injury to a minor in violation
of Connecticut General Statutes § 53-21.  A judge sentenced the
petitioner to a term of imprisonment of ten years, suspended
after seven and one-half years followed by five years of
probation with conditions.  On the same day, the petitioner
pleaded guilty to one count of larceny in the first degree in
violation of Conn. Gen. Stat. § 53a-122(a)(3) and one count of
burglary in the third degree in violation of Conn. Gen. Stat.
53a-103(a).  A judge sentenced the petitioner to a term of
imprisonment of twenty years suspended after seven and one-half

years followed by five years probation with conditions on the larceny count and a term of imprisonment of five years on the burglary count.  The three sentences were to be served concurrently.

On August 18, 1995, the petitioner was discharged from the custody of the Department of Correction to begin his probationary period on the risk of injury and larceny convictions.  On February 6, 1996, the petitioner was convicted of violating probation and sentenced to serve the remainder of the previously imposed sentences for the risk or injury to a minor and larceny convictions - a total of twelve and one-half years.

The petitioner appealed the revocation of probation.  On December 2, 1997, the Connecticut Appellate Court affirmed the judgment of conviction in a per curiam opinion.  On February 3, 1998, the Connecticut Supreme Court denied petitioner's request for certification to appeal the decision of the Connecticut Appellate Court.

On March 13, 1998, the petitioner commenced a federal habeas petition in this court on the ground that the Department of Correction had calculated his total effective sentence incorrectly.  (See Sterbinsky v. Wezner, Case No. 3:98cv475 (WWE)).  On October 19, 1998, this court dismissed the petition for failure to exhaust state court remedies.  The petitioner appealed to the United Court of Appeals for the Second Circuit.

On November 17, 1999, the Second Circuit denied the petitioner's motion for certificate of appealability and dismissed the appeal.

In April 2000, the petitioner commenced a state habeas petition claiming that the sentence imposed on the violation of probation charge was illegal or excessive. On May 9, 2000, a judge denied the petition on the ground that the claim should have been raised in a sentence review proceeding. In June 2000, the petitioner commenced a second habeas petition in state court. He claimed that the sentence imposed on the violation of probation charge was excessive and that the judge and the prosecutor were vindictive during the evidentiary hearing and at sentencing. In August 2000, the court denied the petition. The petitioner appealed the decision to the Connecticut Appellate Court. On November 19, 2002, the appellate court dismissed the appeal in a per curiam opinion. See Sterbinsky v. Commissioner of Correction, 73 Conn. App. 590, 808 A.2d 1162 (2002). The petitioner did not file a petition for certification to appeal the decision to the Connecticut Supreme Court.

The petitioner filed the present petition on March 31, 2003. The petitioner raises two grounds for relief: (1) the sentence imposed on the violation of probation charge was excessive and (2) the trial judge and prosecutor committed misconduct during the evidentiary hearing and at sentencing. The petitioner seeks to be released from his current sentence.

3

The petitioner has informed the court that he has been discharged from his twelve and one-half year Connecticut prison sentence and now resides in Pennsylvania.  The State of Connecticut Department of Correction has verified that the petitioner has no additional term of parole or probation to serve in connection with his sentence.

On February 1, 2005, the court issued an order to show cause why the petition should not be dismissed as moot.  The court also directed the petitioner to provide a written notice indicating an address within Connecticut where he can be served with motions, pleadings and other court documents filed in the case as required by Rule 83.1(c) of the Local Civil Rules of the United States District Court for the District of Connecticut.  The petitioner was to file his response to the order to show cause on or before March 1, 2005.

To date, the petitioner has not responded to the court's order to show cause or provided the court with a Connecticut address where he may be served with documents filed and rulings issued in this case.  Because prison officials have released the petitioner from his twelve and one-half year prison sentence, he has received all of the relief sought in the present petition.  Thus, the petition is now moot.

Accordingly, the petition for writ of habeas corpus [**doc. # 2**] is **DISMISSED**, absent objection, as moot. Because the petitioner has not made a showing of the denial of a constitutional right, a certificate of appealability will not issue. The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 25th day of April, 2005, at Hartford, Connecticut.

/s/ CFD
Christopher F. Droney
United States District Judge